17443

Henry WRIGHT, Appellant, v. W. W. PLAYER, Respondent

(124 S. E. (2d) 289)

*Messrs. Stuckey & Stuckey,* of Bishopville, *for Appellant,*

*Messrs. Lee & Moise,* of Sumter, *for Respondent,*

*Messrs. Stuckey & Stuckey,* of Bishopville, *for Appellant, in Reply,*

July 7, 1958.

LEGGE, Justice.

Appeal here is from a circuit court order affirming a magistrate's judgment directing ejectment of a tenant for nonpayment of rent. The facts, which appear undisputed, were as follows:

On March 1, 1951, J. C. Strauss entered into a written agreement with Henry Wright whereby he leased to Wright a parcel of farm land. Following are the pertinent provisions of the lease:

"That the term of this lease is to extend throughout the life time of said Henry Wright and his wife Mary E. Wright and the survivor of them. That during the term of this lease they, or the survivor of them, will pay or cause to be paid as rent the sum of Seventy-five ($75.00) Dollars, which rent is to become due and payable on or before October of each year commencing October 1, 1951 * * *. Failure to pay rent under this agreement will constitute a breach of this agreement. * * *"

On May 24, 1956, the leased premises were sold to the respondent W. W. Player. On September 13, 1956, respondent through his attorney notified Wright that he had bought the property and that the rent for the year 1956 (which would become due and payable on or before October of that year) should be paid to him. At the same time respondent's attorney notified Wright that respondent was to have possession of the property on January 1, 1957.

On January 8, 1957, the rent for the year 1956 having not been paid, respondent brought a proceeding in the Magistrate's Court for ejectment because of such default. After the ejectment proceeding had been commenced, tender of the rent was made and rejected. The ejectment proceeding was heard before the magistrate on September 13, 1957.

Appellant contends that the circuit judge (whose order is not reproduced in the record) erred in not holding that respondent's notice to appellant to relinquish possession on January 1, 1957, constituted an election by respondent to breach the contract of lease, and thereby relieved appellant of his obligation to pay the 1956 rent. The argument is fallacious. Whether such notice constituted an election, or implied the intention, on the part of respondent to breach the lease is a matter upon which we need express no opinion, because it is foreign to the issue here involved. If it did constitute such election or imply such intention, it would have related to respondent's obligation on and after January 1, 1957. But whatever may have been the effect of the notice, it did not affect appellant's obligation to pay the 1956 rent. His failure to do so entitled respondent to invoke the statutory remedy of ejectment. Code, 1952, Sections 41-55, 41-65, 41-101. Respondent was under no obligation to accept the 1956 rent tendered after the ejectment proceeding had been commenced, and thus waive his legal right that had accrued by reason of appellant's default.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.